U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

NOV 26 2007

ROBERT H. SHEMWELL, CLERK
BY _____
     DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD TERRELL RICE<br>　　FED. REG. NO. 93507-071<br>VS. | CIVIL ACTION NO. 07-1465<br>SECTION P<br>JUDGE DRELL |
| WARDEN FREDRICK MENIFEE | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus (28 U.S.C. §2241) filed on August 31, 2007 by pro se petitioner Donald Terrell Rice. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the United States Penitentiary, Pollock, Louisiana where he is serving a sentence of 441 months imposed following his 1999 guilty pleas to various firearms offenses in the United States District Court for the District of South Carolina. See United States of America v. Donald Terrell Rice, 7:99-cr-00902. Petitioner attacks these convictions and the sentences imposed. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### Statement of the Case

On December 20, 1999, petitioner pled guilty to a five count

indictment charging various federal firearm offenses [18 U.S.C. §§ 1951(F), 924C(F), 922G(F)] in the United States District Court for the District of South Carolina. On May 19, 2000 he was sentenced to serve consecutive sentences totaling 441 months. United States of America v. Donald Terrell Rice, No. 7:99-cr-00902. Petitioner did not appeal. [doc. 1, p. 2]

Petitioner's previous Motions to Vacate pursuant to 28 U.S.C. §2255 and previous petitions for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 were unsuccessful. See United States of America v. Donald Terrell Rice, No. 7:2001-cv-1913 (D.S.C.), dismissed on appeal, 103 Fed. Appx. 729, 2004 WL 1588138 (C.A.4 (S.C.)); Rice v. O'Brian, 2006 WL 2345810 (W.D.Va. Aug 10, 2006) (NO. CIV A. 7:06CV00464), affirmed, Rice v. O'Brien, 208 Fed.Appx. 267 (4th Cir.(Va.) Dec 04, 2006).[1]

Petitioner filed the instant petition for habeas corpus on August 31, 2007. Petitioner argues that "... he is entitled to relief as the district court erred in sentencing petitioner based on two §924(c)(1) convictions arising from a single use of a single firearm since [that section] does not authorize multiple convictions for a single use of a single firearm based on multiple predicate offenses." As legal support for this claim, petitioner cites U.S. v. Phipps, 319 F.3d 177 (5th Cir. 2003);

---

[1] See also 7:2003-cv-714 (W.D.Va.); 7:2002-cv-732 (S.C.); 7:2005-cv-908 (S.C.); 9:2006-cv-1741 (S.C.); 7:2003-cv-3311 (S.C.); 7:2004-cv-21973 (S.C.)

2

U.S. v. Walters, 351 F.3d 159 (5th Cir. 2003); U.S. v. Andrews, 75 F.3d 552 (9th Cir. 1996) [doc. 1, pp. 4-6]

### Law and Analysis

The initial inquiry is whether or not petitioner's claims may be properly raised in a § 2241 *habeas corpus* petition. Section 2241 is generally used to challenge the <u>manner</u> in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990). Petitioner maintains that he is challenging the manner in which his sentence is executed, however, it is clear that he is not; he is, in fact, challenging the legality of his conviction and sentence.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the § 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may

3

have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. See Tran v. Conner, 275 F.3d 1081 (5th Cir. 2001).

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and

Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ___ day of _November_, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5